**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| YINGLI ENERGY (CHINA) COMPANY LIMITED<br><br>                  Plaintiff,<br><br>          v.<br><br>UNITED STATES,<br><br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)        Court No. 26-01169<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

On behalf of Yingli Energy (China) Company Limited ("Yingli China"), a Chinese producer and exporter of Crystalline Silicon Photovoltaic Cells, we hereby bring this civil action and allege the following:

**Parties**

1.     Yingli Energy (China) Company Limited ("Yingli China"),  is a Chinese exporter of Crystalline Silicon Photovoltaic Cells ("Solar Cells") and participated in the eleventh solar cells countervailing administrative review for the period January 1, 2022 through December 31, 2022.

2.     Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department").

**Jurisdiction**

3.     This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of the administrative review under 19 U.S.C. §1675.

1

*See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022*, 91 Fed. Reg. 3,419 (January 27, 2026) ("Final Results"), *incorporating* Issues and Decision Memorandum ("Final IDM").  Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

### Standing

4.      Yingli Solar is a foreign exporter of subject merchandise.  The subject merchandise includes solar cells as well as modules, laminates, and panels consisting of solar cells.  Yingli Solar participated in the countervailing administrative review resulting in the contested Final Results.  Accordingly, Yingli Solar is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

5.      In addition, because the Department's Final Results overstated Yingli Solar's countervailing duty margin, Yingli Solar has been adversely affected and aggrieved by agency action within the meaning of 5 U.S.C. § 702.  Therefore, Yingli Solar has standing to bring this action under 28 U.S.C. § 2631(c).

### Timeliness

6.      Notice of the Final Results was published in the Federal Register January 27, 2026.  Yingli Solar filed the summons instituting this action on February 24, 2026, *i.e.*, within 30 days of publication of the Final Results, serving notice of the action upon all other participants in the review on the same date.  Accordingly, Yingli Solar is timely filing this complaint within thirty days of the summons and has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

**Facts**

7.      On February 8, 2024, the Department initiated the eleventh administrative review of the countervailing duty order on Solar Cells from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8641 (February 8, 2024) (Initiation Notice).

8.      The American Alliance for Solar Manufacturing requested review of Yingli China and the Department initiated the review upon Yingli China.

9.      The  Department selected Jiangsu Highhope International Group Corporation ("Jiangsu Highhope") and Changzhou Zhaojing Light Energy Co., Ltd. ("Light Energy") as mandatory respondents.  *See* Dep't of Commerce, Memorandum re: *Respondent Selection* (April 16, 2024).

10.      Jiangsu Highhope withdrew from participation in the review and never submitted questionnaire responses.  *See* Jiangsu Highhope Withdrawal (June 5, 2024).

11.      Light Energy timely responded to all questionnaire responses.  Light Energy explained that it is a domestic trading company and did not produce or export merchandise during the POR.  Light Energy purchased subject merchandise from an unaffiliated producer, Yangzhou Jinghua, which was exported to the United States through an unaffiliated exporter, Yingli China.  Light Energy provided a questionnaire response from Yingli China in relation to Light Energy's reporting requirements as a mandatory respondent.  Light Energy was unable to provide a questionnaire response from Yangzhou Jinghua.

12.      In the Preliminary Results, the Department calculated a rate for Light Energy based in part on AFA due to Yangzhou Jinghua's lack of cooperation.  The rate was 125.34%.

13.    In the Preliminary Results, the Depatment properly assigned Yingli China the rate for the non-selected companies under review, 9.07%.

14.    Light Energy timely filed a case brief in this review arguing that the review should actually be rescinded with respect to Light Energy.  No party had requested review of Light Energy.  Light Energy was not named in the intiation notice.  Further, Light Energy was not an exporter or producer of subject merchandise and therefore it would have been imporoper to request review of this company as well.

15.    In the Final Results, the Department agreed that Light Energy was not subject to this review.

16.    However, in the Final Results, the Department announced for the first time that it was instead selecting Yingli China as the mandatory respondent.  The Department found that because Yingli Enegy was initiated upon and was involved in the exports from Light Energy, it was appropriate to replace Light Energy with Yingli China.  Yingli China was never directly issued a questionnaire or given any opportunity to respond as a mandatory respondent.

17.    In the Final Results, the Department also found that Yingli China and Light Energy were in a position to induce Yangzhou Jinghua to cooperate with Commerce's requests for information to the best of its ability and failed to do so.  The Department reasoned then that it was appropriate to assign Yingli China the revised total AFA rate applied to Yangzhou Jinghua, 117.41%.

18.    This appeal ensued.

## COUNT I

19. Plaintiff hereby incorporates, by reference, paragraphs 1 through 18 above.

20. The Department's selection of Yingli China in the Final Results as a mandatory respondent is not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . .."). Yingli China was never issued a questionnaire and was not actually individually reviewed. 19 U.S.C. § 1675(a)(1)(A)(providing that the Department must review and determine the amount of any net countervailable subsidy); 19 USC § 1677f-1(e) (discussing selection of exports for individual examination); 19 C.F.R. § 351.525 (regulations on calculating subsidy rates).

## COUNT II

21. Plaintiff hereby incorporates, by reference, paragraphs 1 through 20 above.

22. The Department's application of AFA to Yingli China is not suporte dby substantial evidence and is not in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . .."). Yingli China fully cooperated and never failed to provide a response to a request for information. 19 U.S.C. §1677e(a) (providing the requiements before Commerce can rely upon AFA). The Department improperly treated Light Energy's failure to cooperate to the best of its ability by not inducing cooperation from Yangzhou Jinghua as Yingli China's lack of cooperation to the best of its ability. But Yingli China was never issued a questionnaire and thus never failed to provide a response from Yangzhou Jinghua or otherwise not act to the best of its ability to respond to requests for information.

\*     \*     \*

5

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1)    Declaring that the Department's selection of Yingli China in the Final Results was not in accordance with the law;

(2)    Declaring that the Department's calculation of an AFA rate for Yingli China in the Final Results was not in accordance with the law or supported by substantial evidence;

(3)    Ordering the Department to explain upon remand why assigning Yingli China the "all others" rate was not the most reasonable outcome in the review segment.

(4)    Providing any additional relief as may be just in the circumstances.

Respectfully submitted,

/s/ Gregory S. Menegaz

Gregory S. Menegaz
Alexandra H. Salzman
Vivien J. Wang
**THE INTER-GLOBAL TRADE LAW GROUP, PLLC**
1156 Fifteenth Street, N.W.  20005, Suite 1101
Tel: (202) 868-0300
email:  gmenegaz@igtlaw.com

Dated:  March 26, 2026