**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| YINGLI ENERGY (CHINA) COMPANY LIMITED )<br>　　　　　　Plaintiff, )<br><br>　　v. )<br><br>UNITED STATES, )<br>　　　　　　Defendant, )<br>　　and )<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, )<br>　　　　　　Defendant-Intervenor. ) | Court No. 26-01169 |

**ORDER**

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade ("USCIT R."), Plaintiff Yingli Energy (China) Company Limited ("Yingli China"), in support of its Rule 56.2 Motion for Judgment on the Agency Record, and all other papers and proceedings had herein, it is hereby

ORDERED that said motion is GRANTED, and it is further

ORDERED that this case is remanded to Department of Commerce with instructions that the Department redetermine aspects of its review as instructed by this Court in its accompanying slip opinion.

DATED: _____　　　　_____
　　　　New York, New York　　　　　　　JOSEPH A. LAROSKI, JR., Judge

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| YINGLI ENERGY (CHINA) COMPANY LIMITED<br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br>    Defendant,<br>  and<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,<br>    Defendant-Intervenor. | Court No. 26-01169 |

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade ("USCIT R."), Plaintiff Yingli Energy (China) Company Limited ("Yingli China"), respectfully moves this Court for an order granting movants judgment on the agency record against Defendant, the United States (representing the U.S. Department of Commerce), including, but not limited to the following relief:

- Declaring that the Department's selection of Yingli China as a mandatory respondent in the Final Results was not in accordance with the law;

- Declaring that the Department's calculation of an AFA rate for Yingli China in the Final Results was not in accordance with the law or supported by substantial evidence;

- Ordering the Department to explain upon remand why assigning Yingli China the "all others" rate was not the most reasonable outcome in the review segment.

1

WHEREFORE, for the reasons described in this Motion, Plaintiff respectfully requests that this Court enter judgment in their favor.  A proposed order is attached for the Court's consideration.

Respectfully submitted,

 /s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
Vivien Jinghui Wang
**INTER-GLOBAL TRADE LAW GROUP**
Suite 1101
1156 15th St., N.W. 20005
email: gmenegaz@igtlaw.com

Date: August 13, 2026

2

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |  |
|---|---|---|
| YINGLI ENERGY (CHINA) COMPANY LIMITED | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 26-01169 |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

## PLAINTIFF'S RULE 56.2 MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT UPON THE AGENCY RECORD

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
Vivien Jinghui Wang
**THE INTER-GLOBAL TRADE LAW GROUP, PLLC**
1156 Fifteenth Street, N.W.  20005
Suite 1101
Tel: (202) 868-0300
email:  gmenegaz@igtlaw.com
*Counsel to Plaintiff*

Dated: August 13, 2026

TABLE OF CONTENTS

I.      RULE 56.2 STATEMENT ..................................................................................... 1

        A.      Administrative Determination Subject to Appeal ................................... 1

        B.      Issues Presented ................................................................................... 1

II.     STATEMENT OF FACTS .................................................................................... 1

III.    STANDARDS OF REVIEW ................................................................................. 3

IV.     ARGUMENT ........................................................................................................ 5

        A.      Commerce's Selection of Yingli China as a Mandatory Respondent Only in the
                Final Results is Not in Accordance with the Law .................................. 5

        B.      Commerce's Assignment of a Rate Based on Adverse Facts Available to Yingli
                China is Not Supported by Substantial Evidence and Contrary to Law ............. 9

V.      CONCLUSION AND PRAYER FOR RELIEF ........................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Am. Tubular Prods., LLC v. United States*, 2015 Ct. Intl. Trade LEXIS 103, at *23-24 (Ct. Int'l Trade Aug. 28, 2015) .......................................................................................................... 4

*Atlantic Sugar, Ltd. v. United States*, 744 F.2d 1556 (Fed. Cir. 1984) .......................................... 3

*Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281 (1974) ................................... 5

*Consolidated Edison Corp. v. Labor Board*, 305 U.S. 197 (1938) .................................................. 3

*Diversified Products Corp. v. United States*, 572 F. Supp. 883 (1983) ........................................... 3

*Encino Motorcars, LLC v. Navarro*, 579 U.S. 211 (2016) .............................................................. 5

*Gerald Metals, Inc. v. United States*, 132 F.3d 716 (Fed. Cir. 1997) ............................................. 3

*Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009) ............................................ 4

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29 (1983); ............................................................................................................................................ 4-5

*Shandong Rongxin Imp. & Exp. Co. v. United States,* 163 F. Supp. 3d 1249 (Ct. Int'l Trade 2016) ................................................................................................................................................ 4

*SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001). ......................................... 7

*Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951) ................................................................ 3

**STATUTES & REGULATIONS**

19 U.S.C. 1677e .............................................................................................................................. 10

19 U.S.C. 1677f-1 ......................................................................................................................... 5-6

19 U.S.C. 1677m(d) ....................................................................................................................... 10

19 CFR 351.525(c) ........................................................................................................................... 9

**ADMINISTRATIVE DECISIONS**

*Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Affirmative Determination of Critical Circumstances, in Part,* 82 Fed. Reg. 28,629 (June 23, 2017) ............. 7

*Certain Preserved Mushrooms from Poland: Preliminary Affirmative Determination of Sales at Less Than Fair Value,* 87 FR 66273 (November 3, 2022) .............................................. 7

ii

*Organic Soybean Meal from India: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2023,* 90 Fed. Reg. 25,994 (June 18, 2025)............ 6

## I.  RULE 56.2 STATEMENT

Pursuant to Rule 56.2 (c)(1), Plaintiff Yingli Energy (China) Company Limited ("Yingli China"), hereby states the administrative decision subject to appeal and the issues of law presented:

### A.  Administrative Determinations Subject to Appeal

The U.S. Department of Commerce ("Commerce") published the contested final results in the Federal Register on January 27, 2026. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2022*, 91 Fed. Reg. 3,419 (January 27, 2026) ("Final Results"), **PR192,** *incorporating* Issues and Decision Memorandum ("Final IDM") **PR187.**

### B.  Issue Presented

1. <u>Issue One</u>:  Whether Commerce's selection of Yingli China in the Final Results was in accordance with the law?

2. <u>Issue Two</u>: Whether Commerce's calculation of an AFA rate for Yingli China in the Final Results was in accordance with the law or supported by substantial evidence?

## II.  STATEMENT OF FACTS

On February 8, 2024, the Department initiated the eleventh administrative review of the countervailing duty order on Solar Cells from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 89 Fed. Reg. 8641 (February 8, 2024) (Initiation Notice), **PR15**.  The  Department selected Jiangsu High Hope International Group Corporation ("Jiangsu High Hope") and Changzhou Zhaojing Light Energy Co., Ltd. ("Light Energy") as mandatory respondents.  *See* Dep't of Commerce, Memorandum re: *Respondent Selection* (April

1

16, 2024), **CR6 PR42**.

Jiangsu High Hope withdrew from participation in the review and never submitted questionnaire responses. *See* Jiangsu High Hope Withdrawal (June 5, 2024), **PR79**. Light Energy timely responded to all questionnaire responses. Light Energy explained that it is a domestic trading company and did not produce or export merchandise during the POR. Light Energy Identifying Affiliates (May 13, 2024) at 2, **CR7 PR69**. Light Energy purchased subject merchandise from an unaffiliated producer, Yangzhou Jinghua, which was exported to the United States through an unaffiliated exporter, Yingli China. *Id*. Light Energy provided a questionnaire response from Yingli China in relation to Light Energy's reporting requirements as a mandatory respondent. Light Energy Exporter Yingli China Sec III, **PR20**. Light Energy was unable to provide a questionnaire response from Yangzhou Jinghua. Prelim. IDM at 25-26 **PR134**. Light Energy explained and documented that it had reached out to Yangzhou Jinghua to obtain their cooperation and explained to Yangzhou Jinghua that they would stop purchasing from Yangzhou Jinghua if they did not cooperate. *Id*. But nonetheless, Yangzhou Jinghua did not cooperate and provide a response.

In the Preliminary Results, the Department calculated a rate for Light Energy primarily on AFA due to Yangzhou Jinghua's lack of cooperation. The rate was 125.34%. In the Preliminary Results, the Department properly assigned Yingli China the rate for the non-selected companies under review, 9.07%.

Light Energy timely filed a case brief in this review arguing that the review should actually be rescinded with respect to Light Energy. No party had requested review of Light Energy. Light Energy was not named in the initiation notice. Further, Light Energy was not an exporter or producer of subject merchandise, and therefore it would have been improper to

request review of this company as well.

In the Final Results, the Department agreed that Light Energy was not subject to this review. However, in the Final Results, the Department announced for the first time that it was instead selecting Yingli China as the mandatory respondent. The Department found that because Yingli Energy was initiated upon and was involved in the exports from Light Energy, it was appropriate to replace Light Energy with Yingli China. Yingli China was never directly issued a questionnaire or given any opportunity to respond as a mandatory respondent.

In the Final Results, the Department also found that Yingli China and Light Energy were in a position to induce Yangzhou Jinghua to cooperate with Commerce's requests for information to the best of its ability and failed to do so. The Department reasoned then that it was appropriate to assign Yingli China the revised total AFA rate applied to Yangzhou Jinghua, 117.41%.

## III.    STANDARD OF REVIEW

The Court will only sustain Commerce's factual determination if it is based on substantial evidence. 19 U.S.C. § 1516a(b)(1)(B)(i). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (quoting *Consolidated Edison Corp. v. Labor Board*, 305 U.S. 197, 229 (1938)). Furthermore, "substantial evidence" must be measured by a review of the record as a whole, "including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984). Thus, "it is appropriate to set aside the ITA's decision when the court 'cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to [its] view.'" *Diversified Products Corp. v. United States*, 6 C.I.T. 155,

3

161, 572 F. Supp. 883, 888 (1983) (quoting *Universal Camera*, 340 U.S. at 488). Moreover, "Commerce's determination cannot be based on isolated tidbits of data which suggest a result contrary to the clear weight of the evidence." *Shandong Rongxin Imp. & Exp. Co. v. United States,* 163 F. Supp. 3d 1249, 1252 (Ct. Int'l Trade 2016) (internal citation omitted).

The substantial evidence standard "requires more than mere assertion of 'evidence which in and of itself justified {the determination}, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.'" *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (quoting *Universal Camera*, 340 U.S. at 487). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). "Speculative claims that are plausible in theory but unsupported in fact do not make the cut." *Am. Tubular Prods., LLC v. United States*, 2015 Ct. Intl. Trade LEXIS 103, at *23-24 (Ct. Int'l Trade Aug. 28, 2015). *See also Thai Plastic Bags Indus. Co. v. United States*, 904 F. Supp. 2d 1326, 1332 (Ct. Int'l Trade 2013) (citing *Lucent Techs., Inc. v. Gateway, Inc*., 580 F.3d 1301, 1327 (Fed. Cir. 2009) ("It is well established that speculation does not constitute substantial evidence.")).

Further, the Court will also hold as unlawful any administrative decision that is arbitrary, capricious, or an abuse of discretion. *See* 19 U.S.C. § 1516a(b)(l)(A). Normally, an agency decision would be arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). An agency "must cogently explain why it has exercised its discretion in a given

4

manner." *Motor Vehicle Mfrs.*, 463 U.S. at 48 (citations omitted). Internal inconsistency and self-contradiction do not satisfy this requirement.

"One of the basic procedural requirements of administrative rulemaking is that an agency must give adequate reasons for its decisions. The agency 'must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.' That requirement is satisfied when the agency's explanation is clear enough that its 'path may reasonably be discerned.' But where the agency has failed to provide even that minimal level of analysis, its action is arbitrary and capricious and so cannot carry the force of law." *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221 (2016) (first quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983); then quoting *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974).

## IV.    ARGUMENT

### A.    Commerce's Selection of Yingli China as a Mandatory Respondent Only in the Final Results is Not in Accordance with the Law.

Commerce selected Yingli China as a mandatory respondent only in the Final Results. Yingli China was only informed of this selection with the release of the Final decision memorandum. The Department never issued a questionnaire to Yingli China. The Department never informed Yingli China that the company was being selected the mandatory respondent with any opportunity to submit any information of any kind as a mandatory respondent. The Department selected Yingli China as a mandatory respondent in name only, and unlawfully did not actually review Yingli China as a mandatory respondent.

19 U.S.C. 1677f-1 directs the Department to determine an individual countervailable subsidy rate for each known exporter or producer of the subject merchandise. 19 U.S.C. 1677f-

1(e)(1).  If there is a large number of exporters, as in this case, the Department may determine individual countervailable subsidy rates for a reasonable number of exporters, and assign the non-individually investigated company the average of such rates.  *Id*. at (2).  Explicit in each of these provisions is that the Department "individually investigates" a respondent and reasonably calculates a countervailing duty margin for that respondent based on its own data.  The Department failed to do so in this review for Yingli China.

Yingli China was never individually investigated.  When the Department individually investigates a company, it issues a questionnaire to that company to investigate them.  That is most basic step of investigating a company.  Indeed, the Department's own language in the initial questionnaire, consistent with the Department's language in every case, states who the Department has selected as mandatory respondents and requests that the government of that country forward the questionnaire to  those respondent companies.  Dep't Initial Questionnaire (April 22, 2024) at cover letter; **PR43**.  The Department only ever issued the questionnaire to Light Energy and Jiangsu High Hope.  These companies are not Yingli China nor affiliated with Yingli China.  The Department failed to conduct the most fundamental requirements of individually investigating Yingli China, which starts with issuing them a questionnaire alerting them that they will be investigated, normally via multiple rounds of supplemental questionnaires as well.  The Department always issues a questionnaire to the mandatory respondents.  Even when the Department replaces a mandatory respondent with a new mandatory respondent, as here, the Department always issues a questionnaire to that new mandatory respondent.  *See*, e.g., *Organic Soybean Meal from India: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2023,* 90 Fed. Reg. 25,994 (June 18, 2025) and Prelim. IDM at 4 (issuing an initial countervailing questionnaire to the replacement mandatory respondent as well as supplemental questionnaires); *Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Affirmative*

*Determination of Sales at Less Than Fair Value, Preliminary Affirmative Determination of Critical Circumstances, in Part,* 82 Fed. Reg. 28,629 (June 23, 2017) and accompanying Prelim. IDM at 1 (deselecting on mandatory respondent and selecting another, issuing the mandatory respondent to the new mandatory); *Certain Preserved Mushrooms from Poland: Preliminary Affirmative Determination of Sales at Less Than Fair Value,* 87 FR 66273 (November 3, 2022) and accompanying Prelim. IDM at 2 (selecting a new mandatory respondent and issuing initial questionnaire to that company on the same day).

The Department acted contrary to practice and to the basic requirements to investigate the mandatory respondent.  It is well-established that "[a]n agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently." *SKF USA Inc. v. United States*, 263 F.3d 1369, 1382 (Fed. Cir. 2001).  Further, the Department has even refused to name a replacement mandatory when a mandatory respondent was assigned AFA or stopped cooperating late in the proceeding, finding a lack of resources and time to investigate a mandatory respondent later in the proceeding.  *See*, e.g., *Certain Hardwood Plywood Products From the People's Republic of China: Preliminary Affirmative Determination of Sales at Less Than Fair Value, Preliminary Affirmative Determination of Critical Circumstances, in Part,* 82 Fed. Reg. 28,329 (June 30, 2017) and accompanying Prelim. IDM at 4 & 7 (Refusing to select a replacement mandatory when one of the mandatory respondents received AFA at the preliminary results, citing a lack of resources and time to investigate even a company that requested to be a voluntary respondent and had filed full questionnaire responses on the record prior to the preliminary results).  Thus, the Department's approach in this review to select a  mandatory in the final results that it never even issued a questionnaire to is unprecedented and contrary to all past practice

Light Energy submitting a questionnaire from Yingli China due to its involvement in

7

Light Energy's exports to the U.S. is not the same as issuing Yingli China a direct questionnaire as a mandatory respondent.  The Department's standard language in the questionnaire clearly addresses the questionnaire to the selected mandatory respondents, Light Energy and High Hope. Dep't Initial Questionnaire (April 22, 2026) at cover letter, **PR42**.  Yingli China's questionnaire response was only submitted as part of another company's rate, Light Energy.  Yingli China fully cooperated but was never directed by Commerce to submit responses or obtain cooperation from other companies; the Department only ever made such requests to Light Energy.

Indeed, in the Preliminary Results, Yingli China was assigned a completely different rate, not at all related to Light Energy.  Light Energy was assigned its own rate based on its questionnaire responses and Yingli China was assigned the all-others rate assigned to all companies that were not individually investigated.  Prelim. FR at 16,667.  Specifically, Light Energy was individually investigated and assigned the rate of 125.34% calculated from the questionnaire responses it provided.  In contrast, Yingli China was assigned the 9.07% rate for all "non-selected companies under review," *Id*.  Therefore, the Department itself found specifically in the Preliminary Results that Yingli China was not individually investigated. Nothing changed between the preliminary and final results with respect to investigating Yingli China. The Department did not issue a questionnaire or make any investigation into Yingli China.  Accordingly, the Department cannot now determine that it had somehow investigated Yingli China as a mandatory respondent.

Moreover, in the Final Results, the Department did not even rely on the questionnaire response from Yingli China, but rather only assigned Yingli China the AFA rate applied to Yangzhou Jinghua and High Hope—non-cooperative companies.  Final IDM at 8 ("[W]e are no longer relying on Yingli China or Light Energy's reported subsidies or sales denominators.").

8

Yingli China was simply never individually investigated and thus cannot be mandatory respondent or assigned a rate different than the non-selected companies under review (also known as the "all-others" rate).

In sum, it is contrary to law and practice for the Department to select a mandatory respondent only in the Final Results. The Department never investigate Yingli China and has no basis to calculate an individual margin for Yingli China. The Department should have continued to assign Yingli China that "non-selected companies under review" rate, as the only rate applicable to Yingli China as a non-investigated company.

**B.    Commerce's Assignment of a Rate Based on Adverse Facts Available to Yingli China is Not Supported by Substantial Evidence and Contrary to Law.**

The Department assigned Yingli China the adverse facts available ("AFA") rate it calculated for non-cooperative companies, Yangzhou Jinghua and High Hope. Final IDM at 11. The Department claimed it was assigning this rate pursuant to 19 CFR 351.525(c), which provides that "Benefits from subsidies provided to a trading company that exports subject merchandise shall be cumulated with benefits from subsidies provided to the firm which is producing subject merchandise that is sold through the trading company, regardless of whether the trading company and the producing firm are affiliated." But this regulation applies to a company that was actually individually investigated and assigned an individual subsidy rate. As explained above, this is not the case for Yingli China. Nor is there any reason to ascribe an AFA rate to the cooperating company, Yingli China.

On the one hand, the Department appears to recognize that Yingli China is a cooperating company:

> Nevertheless, given Yingli China and Light Energy's cooperation, we find it
> unreasonable to cumulate Yangzhou Jinghua's AFA rate to the subsidy rates of
> Yingli China and Light Energy, pursuant to 19 CFR 351.525(c). This would
> create an unusual result which would disincentivize cooperation of respondents

9

as, had Yingli China been properly initially selected as a mandatory respondent and not cooperated in the first instance, Yingli China would have received the same total AFA rate as Yangzhou Jinghua and High Hope, rather than the cumulated higher rate as described in the Preliminary Results.

IDM at 11.

But on the other hand, the Department intimates that Yingli China is implicated in Yangzhou Jinghua's failure to cooperate, stating "we determine that Yingli China and Light Energy were in a position to induce Yangzhou Jinghua to cooperate with Commerce's requests for information to the best of its ability and failed to do so." *Id*.  But Yingli China never failed to cooperate and never failed to obtain cooperation from an unaffiliated company based on any request that the Department made of Yingli China.  Therefore, it is unlawful to apply an AFA rate to Yingli China directly or indirectly through Yangzhou Jinghua.

Indeed, 19 U.S.C. 1677e holds that the Department can only apply facts available or AFA if an interested party withholds information requested or fails to provide information requested. The Department never requested any information from Yingli China.  Yangzhou Jinghua's lack of cooperation with Light Energy cannot implicate Yingli China.  Light Energy is a wholly separate and unaffiliated company from Yingli China.  Light Energy's inability to obtain cooperation from Yangzhou Jinghua cannot equate to a finding that Yingli China failed to obtain information or that Yingli China had an obligation to obtain information, as the Department never requested any information from Yingli China.  Further, the Department never identified to Yingli China any deficiency in any perceived response, as required by statute.  *See* 19 U.S.C. 1677m(d).

The lack of connection between Light Energy's submission of questionnaire responses as a mandatory respondent, including from Yingli China, and Yingli China's status in this review is further evidenced by how the Department calculates the rates.  Even though Light Energy

10

submitted a questionnaire response from Yingli China—it was solely in relation to Light Energy as a mandatory respondent and in the Preliminary Results, properly had no bearing on Yingli China's rate. As explained above, in the Preliminary Results, Light Energy, as a mandatory respondent, was assigned a rate based on its questionnaire responses and obligation to provide questionnaire responses from its producer, Yangzhou Jinghua. In contrast, Yingli China was assigned the all-others rate for non-individually investigated companies. This rate had no relation to Light Energy's questionnaire responses from Yangzhou Jinghua or even from Yingli China itself. The Department found that Yingli China, though providing a questionnaire response in relation to Light Energy's mandatory respondent selection, was not individually investigated and assigned Yingli China its own rate.

That is the normal practice and understanding under the statute and regulation. For example, if the mandatory respondent had been an exporting trading company--- it would have its own rate, including data from the suppliers. But if any of those suppliers were also exporters, they would not be assigned the rate of the trading company or any unique rate based on the trading company's questionnaire response. The Department would only assign the supplier/exporter the all-others rate.

In other words, the Department calculates rates for the mandatory respondent that was individually investigated and does not consider that the other companies' questionnaire responses in connection to the mandatory respondent's overall responses are individually investigated. Accordingly, the Department cannot find that Yingli China's questionnaire response entails that it was individually investigated and had any obligation or provide a questionnaire response from Yangzhou Jinghua. Therefore, there is no basis to apply Yangzhou Jinghua's AFA rate to Yingli China because Yingli China never had any obligation to provide

11

any questionnaire response to the Department as a mandatory respondent.

## V.     CONCLUSION AND PRAYER FOR RELIEF

In light of the foregoing, the Department's *Final Results* were not supported by

substantial evidence or in accordance with the law.  The Court should remand to the Department

to find that as it never properly selected or investigated Yingli China as mandatory respondent

and it is well past any reasonable deadline to have done so, the Department must assign Yingli

China the all-others rate, 9.07%.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
Vivien Jinghui Wang
THE INTER-GLOBAL TRADE LAW GROUP, PLLC
1156 Fifteenth Street, N.W.  20005
Suite 1101
Tel: (202) 868-0300
email:  gmenegaz@igtlaw.com

Date: August 13, 2026                              *Counsel to Plaintiff*

12

**Word Count Certificate of Compliance**

This brief has been prepared utilizing Microsoft Word 2007 using a proportionally spaced typeface (12 point Times New Roman font).

In accordance with this Court's Scheduling Order and the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that his brief complies with the word limitations set forth.  Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains **3,411** words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

/s/ Gregory S. Menegaz
Gregory S. Menegaz
THE INTER-GLOBAL TRADE LAW GROUP, PLLC
1156 Fifteenth Street, N.W.  20005, Suite 1101
Tel: (202) 868-0300
email:  gmenegaz@igtlaw.com

13